IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Asahi Glass Co. Ltd.,            Case No. 3:03CV7120

           Plaintiff

v.            ORDER

Toledo Engineering Co., Inc.,

           Defendant

This is a suit by a Japanese glass manufacturer, Asahi Glass Co., Ltd. (Asahi), against a Toledo designer and fabricator of glass manufacturing furnaces, Toledo Engineering Company (TECO). Asahi claims that TECO obtained Asahi's proprietary information from a German glass manufacturer, Schott Glas GMBH (Schott), while TECO was doing design work for Schott, which, according to Asahi, had obtained that information under a licensing agreement with Asahi.

Sometime prior to the filing of this lawsuit, Asahi had begun arbitration proceedings in Switzerland with Schott. In those proceedings, which, at least with regard to the liability phase, have only recently been completed, Asahi sought a determination of whether Schott had misappropriated and misused Asahi's proprietary information, and if so, whether Schott had communicated any of that information to TECO.

At the outset of this litigation Asahi, seeking to avoid any misuse or disclosure by TECO of any proprietary information that TECO may have obtained from Schott, moved for injunctive relief. Following initial proceedings, TECO proposed, Asahi accepted, and this Court entered an injunction that, *inter alia*, prohibited TECO from using any information obtained from Schott.

Subsequently Asahi sought a show cause order, alleging that TECO had violated the injunction during the course of consultation about a new project with Schott. Following discovery and hearings, I found that the injunction had been violated. Thereafter, Asahi sought and received and award of attorney's fees and costs of $620,117.

Following that award, TECO asked that its obligation to pay the award be postponed pending final adjudication of this litigation, which has been extensively delayed due to the pendency of the Swiss arbitration proceedings.[1]

Since TECO several months ago made its request that its obligation to pay the fee award be postponed, the liability phase of the arbitration proceedings has, as noted, been concluded. TECO and Asahi each claim that the arbitrators' decision favors it. In addition, TECO contends that the award undercuts the factual premise on which the fee award was made [namely, that it had used Asahi proprietary information in violation of the injunction].

Asahi disputes that contention. More importantly, and more to the point, Asahi points out that the arbitrators' decision does not affect the fact that TECO, at the time of the show cause proceedings, was found to have violated the injunction. That injunction, also as noted, prohibited

---

[1] Throughout the pendency of this case, this Court sought to avoid duplicating the Swiss arbitration by undertaking to examine or adjudicate Asahi's claim that TECO had obtained Asahi's proprietary information from Schott. The arbitration proceedings lasted far longer than the parties to this litigation anticipated when it began.

all use by TECO of information it had obtained from Schott – not just information that Schott had obtained from Asahi. Thus, regardless of whether such information, by hindsight, could or could not have properly been disclosed by Schott to TECO, TECO could not, under the injunction, use it. The evidence at the show cause hearing persuaded me that TECO had wrongfully used information obtained from Schott in violation of the injunction.

TECO also contends that the factual premise of the fee award is undercut by its discovery that some of the information at issue in the show cause proceedings was, in fact publicly available. That showing, even if correct, comes too late. This is especially so in view of the fact that TECO offered no evidence at the show cause hearing.

Thus, TECO's most recent filings in support of its request to postpone payment of the attorney fee award do not affect the validity of that award.

On consideration, I conclude that no good grounds have been shown to postpone entry of judgment in favor of Asahi for the amount of attorneys' fees and costs expended by it in the proceedings leading to a finding that TECO violated this Court's injunction.

It is, accordingly, hereby

ORDERED THAT judgment is entered in favor of plaintiff and against defendant in the amount of $620,711. TECO's motion for leave to file a surreply is granted.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge